

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

September 17, 1949

Hon. Claud Gilmer, Chairman
Board for Texas State Hospitals
    and Special Schools
P. O. Box 486
Rocksprings, Texas

Opinion No. V-905

Re: Whether supervision
of construction con-
tracts should be con-
tinued by the Board
of Control or assum-
ed by the Board for
Texas State Hospitals
and Special Schools

Dear Sir:

       Your letter of August 24, 1949, requesting
an opinion reads in part:

       "During the current fiscal year the
Board of Control, acting through its Divi-
sion of Design and Construction (Articles
679-687, R.S. 1925) has entered into or
will enter into various contracts with vari-
ous firms for the construction of buildings,
installation of elevators, brickwork, paint-
ing, etc., at the several institutions which
will be governed by the Board for Texas State
Hospitals and Special Schools after August
31, 1949. Many of these contracts will not
be completed until late in the next fiscal
year.

       "The question has arisen as to whether
the Board for Texas State Hospitals and Spe-
cial Schools or the Design and Construction
Division of the Board of Control should su-
pervise the completion of these contracts
which were entered into or will be entered
into before September 1, 1949."

       There are in all governmental agencies and de-
partments activities which are continuing in nature, as
well as those which are non-recurring and which extend
over a long period of time. These incomplete operations
are assumed by each new official, and completed or super-

vised by him during his term of office. This same
principle will apply in the transfer of authority from
one agency to another unless the Legislature has ex-
pressed a contrary intention.

The Board of Control, through its Division of
Design and Construction, executed the contracts in ques-
tion under the authority of Articles 679-687 V.C.S. Sec-
tion 2, House Bill 1, Acts 51st Leg., R.S. 1949, ch.316,p.
588, reads in part as follows:

" . . . Effective September 1, 1949,
the control and management of, and all rights,
privileges, powers, and duties incident there-
to including building,design and construction
of the Texas State Hospitals and Special Schools
which are now vested in and exercised by the
Board of Control shall be transferred to, vest-
ed in, and exercised by the Board for Texas
State Hospitals and Special Schools."

Section 11 of House Bill 1 reads as follows:

"All laws and parts of laws in conflict
herewith are hereby repealed to the extent of
such conflict only."

These provisions, to the extent of the conflict
between the two statutory provisions, operate as an ex-
press repeal of the statutes giving the Board of Control
authority to execute and supervise the contracts in ques-
tion and vest that authority, with all rights, privi-
leges, powers, and duties incident thereto, in the Board
for State Hospitals and Special Schools. City of Beau-
mont Independent School District v. Broadus, 182 S.W.2d
406 (Tex. Civ. App. 1944, error ref.), Commercial Credit
Co. v. American Mfg. Co., 155 S.W.2d 854 (Tex. Civ. App.
1941, error ref.). Repeal is a question of legislative
intent. There are two points which stand as evidence
that it was the legislative intent to repeal the author-
ity of the Board of Control and vest it completely in
the new Board: (1) the plain unequivocal words of House
Bill 1 transferring the authority to the new Board;
and (2) the statement in the preamble of House Bill 1
that the inadequacy of the Board of Control's facili-
ties for supervision "now require immediate remedial
action."

The Legislature sought to supply this "remedial action" through the transfer to the new Board of the control and management of the State Hospitals and Special Schools on September 1, 1949, including the supervision of those contracts entered into by the Board of Control before September 1, 1949, but whose completion will be beyond such date.

## SUMMARY

House Bill 1, Acts 51st Leg., R.S. 1949, ch. 316 p. 588, transfers as of September 1, 1949, from the Board of Control to the new Board for Texas State Hospitals and Special Schools supervisory powers over construction and maintenance contracts at certain State institutions entered into by the Board of Control before September 1, 1949, but incomplete on that date.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By T. E. Taulbee

T. E. Taulbee
Assistant

TET:rt:gl

APPROVED:

Price Daniel
ATTORNEY GENERAL